# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

TERRON PARKS,

            Plaintiff,    :    Case No. 2:20-cv-3229

                                              District Judge Michael H. Watson
-  vs  -                                  Magistrate Judge Michael R. Merz

OHIO DEPARTMENT OF REHABILITATION
  AND CORRECTIONS, et al.,

            Defendants.    :

## REPORT AND RECOMMENDATIONS

This action pursuant to 42 U.S.C. § 1983 was brought *pro se* by Plaintiff Terron Parks to complain of excessive use of force, failure to properly supervise, and use of a racial epithet in asserted violation of his constitutional rights. Plaintiff is an inmate at Ross Correctional Institution where the alleged violations occurred on May, 25, 2020, after Parks requested to be single-celled (Complaint, ECF No. 1, PageID 5).

Defendants move to dismiss the case under Fed.R.Civ.P. 12(b)(6) on the basis that the Ohio Department of Rehabilitation and Corrections ("ODRC") is not a person amenable to suit under 42 U.S.C. § 1983 and the individually-named Defendants Sexton, Brabson, and Cook are purportedly sued in their official capacities as corrections officers (Motion, ECF No. 14, PageID 97).

1

The purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or merits of the case." Wright & Miller, FEDERAL PRACTICE AND PROCEDURE:  Civil 2d §1356 at 294 (1990); *see also Gex v. Toys "R" Us*, 2007 U.S. Dist. LEXIS 73495, *3-5 (S.D. Ohio, Oct. 2, 2007); *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993), *citing Nishiyama v. Dickson County, Tennessee*, 814 F.2d 277, 279 (6th Cir. 1987).  Stated differently, a motion to dismiss under Fed.R.Civ.P. 12(b)(6) is designed to test only the sufficiency of the complaint.  *Riverview Health Institute LLC v. Medical Mutual of Ohio,* 601 F.3d 505, 512 (6th Cir. 2010).

The Eleventh Amendment to the United States Constitution provides:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State or by Citizens or Subjects of any Foreign State.

It was adopted to overrule the very unpopular decision in *Chisholm v. Georgia*, 2 Dall. 419 (1793). It has been construed to bar suits against a State by its own citizens.  *Papasan v. Allain,* 478 U.S. 265, 276 (1986); *Hans v. Louisiana*, 134 U.S. 1 (1890); *Edelman v. Jordan*, 415 U.S. 651 (1974); *Florida Dep't. of State v. Treasure Salvors, Inc.*, 458 U.S. 670 (1982).  The Amendment also bars actions against state agencies where the State is the real party in interest and the action seeks to recover money from the state treasury.  *Estate of Ritter v. University of Michigan,* 851 F.2d 846, 848 (6th Cir. 1988); *Ford Motor Company v. Dep't. of Treasury of State of Indiana*, 323 U.S. 459 (1945); *Quern v. Jordan*, 440 U.S. 332 (1979).

There is no doubt that the ODRC is an agency of Ohio State government.  Indeed Plaintiff concedes that ODRC cannot be sued in federal court and asks that it be dismissed (Plaintiff's

2

Motion to Object, ECF No. 15, PageID 105).  Because ODRC is immune from suit in federal court under the Eleventh Amendment, ODRC should be dismissed without prejudice.

Suing a public official in his official capacity for acts performed within the scope of his authority is equivalent to suing the governmental entity. See *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  Defendants Sexton, Brabson, and Cook are sued for acts which allegedly violated Plaintiff's constitutional rights and which they performed in their capacities as corrections officers.  Plaintiff admits that he chose to sue these Defendants in their official capacities when he initially filed, but in their official capacities they are immune from a suit for money damages under the Eleventh Amendment because a suit against them in that capacity is effectively a suit against the ODRC and the State of Ohio.

Plaintiff now says he wishes to sue these three men individually.  Whether he has a viable cause of action against them in their individual capacities is a question not now before the Court, because the current Complaint does not sue them individually.

**Conclusion**

Because all Defendants are immune from suit under the Eleventh Amendment, the Complaint should be dismissed without prejudice to a new suit naming persons in their individual capacities.  The Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

November 17, 2020.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.